UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SEZTO SUI FONG )
    Petitioner )
                                 )
V. ) CIV. NO. 04-40025-NMG
                                 )
UNITED STATES OF AMERICA )
    Respondent )

RESPONSE OF THE UNITED STATES TO PETITIONER FONG'S
PETITION FOR HABEAS CORPUS, PURSUANT TO TITLE 18
UNITED STATES CODE, SECTION 2255

Pursuant to Title 18, United States Code, Section 2255, the defendant Fong has moved to vacate his conviction and withdraw his guilty plea alleging that the plea colloquy was defective and that he was denied effective assistance of counsel. The basis of both of his claims is that he was not advised that his conviction would subject him to mandatory deportation. The defendant's claims should be denied as untimely and without merit.

1. **Factual Background**

On November 13, 1995, the defendant, who was represented by counsel, signed a plea agreement. The defendant agreed to plead guilty to Count Three, alleging a violation of Title 18, United States Code, Section 1955 (Illegal Gambling) and Count Six, alleging a violation of Title 18, United States Code, Section 1951 (Hobbs Act), of the indictment in the case <u>United States v. Kwok Chan, et al.</u>, Criminal Number 93-10352-NMG. On November 13, 1995, the defendant, along with several of his codefendants, appeared before the Honorable Nathaniel M. Gorton, United States

1

District Judge, and entered his guilty plea. The defendant admitted that he was in fact guilty of the two counts. (Tr. at 10.) (Citations to the transcript of the plea colloquy, dated November 13, 1995, will be identified as Transcript ("Tr.") at the specified page. A copy of the transcript is attached as an Exhibit to this Response.) Fong stated that he had read and reviewed the charges with his attorneys, and that he was fully satisfied with their representation. (Tr. at 19.) The Assistant United States Attorney ("AUSA") outlined the plea agreement, and the defendant Fong stated that he agreed with the terms of the agreement. (Tr. at 20). The government made no representations and had no agreement with the defendant concerning his possible future status in this country. The defendant acknowledged that no agreements other than those set forth in the plea agreement were made to him in connection with his guilty plea. (Tr. at 20-21.) A copy of the plea agreement is attached hereto.

As required by Rule 11 of the Federal Rules of Criminal Procedure, the Court reviewed with the defendant the maximum penalties applicable to Counts Three and Six. The defendant Fong acknowledged that he understood "the possible consequences of [his] plea." (Tr. at 52.)

The AUSA outlined the evidence that would have been presented had the case gone to trial, and the defendant did not dispute any of the allegations. (Tr. at 68-86 and 88-89.)

The defendant admitted his guilt and changed his plea to guilty. (Tr. at 93.)

On February 5, 1996, the defendant was sentenced to 24 months' imprisonment on each count. The Judgment was entered on February 28, 1996. The defendant Fong did not appeal.

The defendant states in his pleadings that, after his conviction, the Immigration and Naturalization Service initiated deportation proceedings against him on September 5, 1997. The proceedings were stayed in 2001, after the Board of Immigration Appeals affirmed a ruling that would have resulted in his removal. See attached docket entries from Fong v. Ashcroft, District of Massachusetts, Civil Number 01-10945-MLW. He does not identify the current status of the removal proceedings.

The defendant filed his petition on February 18, 2004.

2. **Defendant's Claim**

The defendant alleges that he faces deportation under the Anti-Terrorist and Effective Death Penalty Act ("AEDPA"), enacted in 1996. The defendant claims that his plea colloquy was defective and his counsel ineffective because he was not warned that deportation was mandatory for an alien or immigrant who committed certain offenses, including those to which Fong had pleaded guilty. He claims that in order for him to have knowingly and voluntarily waived his rights to a jury trial, he should have been advised that deportation was a consequence of

3

his plea.  These claims should be rejected.

3. **Legal Argument**

   A. **Collateral Review Of Guilty Pleas Is Extremely Limited**

The Supreme Court has long held that a collateral challenge "may not do service for an appeal." United States v. Addonizio, 442 U.S. 178, 184-185 (1979).  To obtain collateral relief "a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982); see Addonizio, 442 U.S. at 184 (error that may justify reversal on direct appeal will not necessarily support collateral attack on final judgment).  An error of law does not provide a basis for collateral attack unless the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice." Addonizio, 442 U.S. at 185, quoting Hill v. United States, 368 U.S. 424, 428 (1968).

The significantly higher hurdle for collateral relief generally is even higher when the collateral challenge is to a guilty plea.  The Supreme Court has stated that a "counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." Menna v. New York, 423 U.S. 61, 63 n.2 (1975).  By entering a plea of guilty, the "accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a

4

substantive crime." United States v. Broce, 488 U.S. 563, 570 (1989).

It is "well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984). "[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. * * * Indeed, the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." United States v. Bousley, 523 U.S. 614, 621 (1998) (internal quotations and citations omitted).[1] Because a conviction is presumed to be valid on collateral attack, Parke v. Raley, 506 U.S. 20, 29 (1992), it is appropriate to presume both that the defendant understood the rights he was waiving in pleading guilty, Johnson v. Zerbst, 304 U.S. 458, 468-469 (1938), and that he understood the nature of the charges against him, Bousley, 523 U.S. at 618.

B. **Fong's Petition Is Time-Barred**

Pursuant to Title 18, United States Code, Section 2255, a petition must be filed within one year from the date upon which

---

[1] See also Hill, 368 U.S. at 428 (to set aside plea that has been entered and on which sentence has been imposed, defendant must show "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure").

5

the conviction became final, or the date "on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." For convictions that became final before the effective date of AEDPA (April 24, 1996), as here, the one-year limitations period expired on April 24, 1997.[2] United States v. Trenklar, 268 F.3d 16, 19 (1st Cir. 2001). Thus, the defendant's petition, filed in February 2004 - almost 7 years late, is time-barred.

Even if the defendant Fong could claim that the one-year limitation period should be measured from the time he learned the facts supporting his claim, his claim is time-barred. In his petition, Fong states that removal proceedings, which were triggered by his conviction in the underlying criminal case, were initiated on September 5, 1997. He did not file his petition until February 2004. His petition is thus over five years late.

The Court should deny his petition as time-barred.

C. **The Plea Colloquy Was Not Deficient And Fong's Counsel Were Not Ineffective**

Even if Fong's claims were not time-barred, the Court should deny his petition because his arguments are without merit. Fong claims that the plea colloquy was defective and his counsel ineffective because he was not warned that his conviction would result in his deportation.

---

[2] In cases such as this where no appeal is filed, the conviction is final on the date of the judgment.

6

Deportation is a collateral consequence of a plea and is not part of the warnings that must be given by the district judge. For the same reason, a counsel's representation is not defective if he fails to warn his client of collateral consequences of his plea. This is true even if deportation is automatic. United States v. Gonzalez, 202 F.3d 20, 25-26, 27-29 (1st Cir. 2000); Nunez-Cordero v. United States, 533 F.3d 723, 726 (1st Cir. 1976).

### D.  Fong Cannot Overcome His Procedural Default

Fong's claims are also barred by procedural default. Fong did not raise any objections during his plea colloquy. He told the Court that he was not forced to plead guilty. He admitted to the Court that he did, in fact, commit the crimes to which he was pleading guilty, and agreed with the government's statements of facts regarding those crimes. Fong did not seek to withdraw his plea prior to or immediately after sentencing. He also did not file a direct appeal. Thus, he procedurally defaulted all of his claims for relief, with the exception of his claim that his counsel provided ineffective assistance. See United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993) ("fact-specific claims of ineffective assistance cannot make their debut on direct review of criminal convictions, but, rather, must originally be presented to, and acted upon by, the trial court").

A "voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. at 508.

A defendant who has failed to raise a claim on direct appeal can overcome the bar on collateral attacks of guilty pleas, but only if he can establish: (1) "cause" excusing his double procedural default, and "actual prejudice" resulting from the errors of which he complains, Frady, 456 U.S. at 168-169, or (2) "that he is actually innocent," Bousley, 523 U.S. at 622. The "cause" and "prejudice" standard is a high hurdle, Frady, 456 U.S. at 156, and a defendant is not entitled to withdraw his plea "merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to the alternative courses of action," or even because "later judicial decisions indicate that the plea rested on a faulty premise." Brady v. United States, 397 U.S. 742, 757 (1970). Fong cannot overcome the bar on collateral review here.

      i. **Fong Has Not, And Cannot, Satisfy The "Cause" And "Prejudice" Test For Overcoming His Procedural Default**

Constitutionally ineffective assistance of counsel constitutes cause sufficient to excuse a procedural default. Prou v. United States, 199 F.3d 37, 47 (1st Cir. 1999). As the

8

discussion above shows, Fong has utterly failed to demonstrate that he received ineffective assistance of counsel. The cases discussed above have held that a counsel who fails to advise his client of the collateral consequences of a guilty plea has not provided ineffective assistance. Thus, he cannot overcome his procedural default.

          ii.   **Fong Cannot Show That He Is "Actually Innocent"**

Fong's claim may nonetheless be reviewed on a § 2255 petition if he can establish that the constitutional error in his plea "has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). To establish actual innocence, however, Fong must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (citations and internal quotations omitted). Furthermore, "actual innocence" means factual innocence, not mere legal insufficiency. Id. at 623.

Again, Fong cannot make the legal showing required; he does not now claim innocence in support of his petition, but simply asserts that he would have attempted to get a better deal from the government by, for example, attempting to bargain for a plea to a lesser charge.

9

E.  **Coram Nobis Relief is Unavailable**

To warrant <u>coram nobis</u> relief, a defendant "must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." <u>Matus-Leva v. United States</u>, 287 F.3d 758, 760 (9th Cir. 2002). Defendant cannot satisfy the first criterion, because, as a person in custody, §2255 relief is potentially available. <u>Id</u>. at 761. It matters not that his §2255 claim is out of time. "A petitioner may not resort to <u>coram nobis</u> merely because he has failed to meet the AEDPA's gatekeeping requirements. To hold otherwise would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions." <u>Id</u>. See also <u>United States v. Barrett</u>, 178 F.3d 34, 54-55 (1st Cir. 1999).

F.  **There Is No Need For An Evidentiary Hearing**

A petitioner who invokes section 2255 is not entitled to an evidentiary hearing as a matter of right. <u>United States v. David</u>, 134 F.3d 470, 477 (1st Cir. 1998); see <u>United States v. McGill</u>, 11 F.3d 223, 225 (1st Cir. 1993). A district court may deny a habeas petitioner a hearing when (1) the § 2255 motion is inadequate on its face, or (2) the petitioner's allegations, even

10

if true, do not entitle him to relief, or (3) the petitioner's allegations "need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" David, 134 F.3d at 477, quoting McGill, 11 F.3d at 225-26 (internal citation omitted); see also Rule 4(b), Rules Governing Section 2255 Proceedings. Vague, non-specific, or conclusory allegations are insufficient to entitle a petitioner to hearing, even "if the record does not conclusively and expressly belie [petitioner's] claim." Machibroda v. United States, 368 U.S. 487, 495 (1962) (granting evidentiary hearing because of detailed and specific nature of petitioner's allegations). Moreover, several courts of appeals have indicated that there will never be a need for an evidentiary hearing on a section 2255 claim challenging a guilty plea, because an evidentiary hearing would go beyond the record, and thus beyond the claims the petitioner can raise. See, e.g., United States v. Brown, 155 F.2d 431, 434-435 (4th Cir. 1998) (district court erred in holding evidentiary hearing to determine whether double jeopardy barred second conspiracy to which defendant pleaded guilty; district court should have examined record as it existed prior to hearing); United States v. Vaughan, 13 F.3d 1186, 1188 (8th Cir. 1994) (rejecting defendant's claim and request for evidentiary hearing because defendant pleaded guilty and did not raise evidentiary challenges below); United States v. Cortez, 973

F.2d 764, 767 (9th Cir. 1992) (selective prosecution claim foreclosed by guilty plea because defendant could not establish claim from indictment and record at plea stage); United States v. Makres, 937 F.2d 1282, 1285-1286 (7th Cir. 1991) (double jeopardy claim foreclosed because it required evidentiary hearing); cf. Broce, 488 U.S. at 569, 576.

Even if all the facts alleged in his petition are true, the defendant Fong would not be entitled to relief. Therefore, the Court should deny his petition without a hearing.

4. **Conclusion**

For the foregoing reasons, the government opposes Fong's Section 2255 petition and respectfully requests that this Court deny it.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
Jeffrey Auerhahn
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon Szeto Sui Fong, 11 New Hampshire Avenue, Natick, MA 01760-2222 a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery.

This 18 day of June, 2004.

_____
Jeffrey Auerhahn
Assistant U.S. Attorney

12