United States District Court
District of Massachusetts

| | |
|---|---|
| SZETO SUI FONG, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 04-40025-NMG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM & ORDER

**GORTON, J.**

This petition for habeas corpus filed pursuant to 28 U.S.C. § 2255 follows the petitioner's guilty plea and sentence with respect to one count of illegal gambling and one count of violation of the Hobbs Act. Petitioner, Szeto Sui Fong ("Fong") now alleges that the plea colloquy was defective and his counsel was ineffective because he was not warned that his plea would result in deportation.

**I.   Background**

On November 13, 1995, pursuant to a written plea agreement, Fong pled guilty to a two-count indictment charging him with illegal gambling in violation of 18 U.S.C. § 1955 and violation of 18 U.S.C. § 1951 (Hobbs Act).

During the hearing, Fong pled guilty of the two counts and

stated that 1) he reviewed the charges with his attorneys, 2) he was fully satisfied with his representation by counsel and 3) he understood the terms of the plea agreement as they were outlined by the Assistant United States Attorney. The government admits that it made no representations and had no agreement with the defendant concerning his possible deportation. The Court reviewed the maximum penalties applicable to the two counts, and Fong acknowledged "the possible consequences of his plea." The defendant was sentenced to 24 months' imprisonment on each count and Judgment was entered on February 28, 1996. Fong did not appeal.

After Fong's conviction, the Immigration and Naturalization Service initiated deportation proceedings against him on September 5, 1997. Fong sought relief from the Immigration Court, however Fong was ordered to be deported to China. On May 6, 1999 the Board of Immigration Appeals affirmed the deportation order. Fong then filed a petition for Habeas Corpus for a stay of deportation on June 5, 2001. The petition was successful and the proceedings were stayed.

On February 18, 2004, Fong filed a motion seeking to vacate his convictions and to withdraw his guilty plea. The arguments made in support of his motion are: 1) the disposition must be vacated if the trial judge does not administer a mandatory warning regarding immigration consequences of a conviction upon

tendering of a guilty plea, 2) that his attorney failed to advise him of his certain deportation resulting from entering a plea of guilty, 3) mandatory deportation unfairly punishes the defendant twice for the same offense thereby offending due process and 4) the doctrine of coram nobis allows the court to vacate the defendant's conviction.

## II. Legal Analysis

Section 2255 of title 28 of the United States Code provides that a motion for relief must be filed within one year from the date upon which the judgment of conviction becomes final or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." For convictions that became final before the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as in this case, the limitation period ended on April 24, 1997 (one year after AEDPA's effective date). United States v. Trenklar, 268 F. 3d 16, 19 (1st Cir. 2001) quoting Rogers v. United States, 180 F. 3d 349, 355 (1st Cir. 1999). Thus Fong's motion is seven years late.

The Court's finding would stand even if it measured the one-year limitation period from the time Fong learned of the deportation proceedings. Specifically, Fong states that the removal proceedings were initiated on September 5, 1997. Under

-3-

the imposed hypothetical, he would then have had until September 5, 1998 to file his motion, but he did not do so until February, 2004. Even under the more generous interpretation of the AEDPA's statute of limitations, Fong's motion is time-barred.

Even if Fong had timely filed his motion, it would fail on the merits. Fong contends that "a conviction must be vacated unless the court informs the defendant, prior to a plea, of the possibility of deportation, exclusion or denial of naturalization." However, neither Fed. R. Crim. P. 11 nor the cases cited by Fong support that contention. One of those cases, Downs-Morgan v. United States, 765 F.2d 1534 (11th Cir. 1985), is actually directly adverse to Fong's assertion. The Downs-Morgan court found that a trial judge is not required to apprise the defendant of possible immigration consequences arising out of a guilty plea. Id. at 1538-1542. Furthermore, although Rule 11 requires the trial court to inform the defendant of certain specified rights and possible consequences before accepting a guilty plea, the effect on immigration status is not mentioned in the rule. See Fed. R. Crim. P. 11(b). In fact, deportation is considered a collateral consequence of a plea and is not a part of the warnings that must be given by the trial judge as set out by Rule 11. United States v. Gonzalez, 202 F.3d 20, 27-29, (1st Cir. 2000); Nunez-Cordero v. United States, 533 F.3d 723, 726 (1st Cir. 1976).

Fong further claims that his counsel was ineffective because he was not warned that his conviction would result in deportation. It is well established, however, that the failure of an attorney to advise a client that deportation may result from a conviction does not constitute ineffective assistance of counsel. This is true even if deportation is automatic. United States v. Gonzalez, 202 F.3d 20, 25-26, (1st Cir. 2000); Downs-Morgan v. United States, 765 F.2d 1534 (11th Cir. 1985); Nunez-Cordero v. United States, 533 F.3d 723, 726 (1st Cir. 1976).

## ORDER

In accordance with the foregoing, the petitioner's Motion to Vacate Convictions and Withdraw Guilty Pleas (Docket No. 1) is **DENIED** and this petition is **DISMISSED**.

_____
Nathaniel M. Gorton
United States District Judge

Dated February 27, 2006